# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                SUPERIOR COURT
                                                                            DEPARTMENT OF
                                                                            THE TRIAL COURT

|  |  |
|---|---|
| LAURENS VAN VEEN, | ) |
| Plaintiff, | ) |
|  | ) C. A. No. |
| v. | ) |
| DELTA AIR LINES INC., | ) |
| Defendant. | ) |

kg

## COMPLAINT

Plaintiff Laurens van Veen brings this action against his former employer, Delta Air Lines Inc., for non-payment of earned wages, including overtime wages, in violation of state law.

### PARTIES

1. Plaintiff Laurens van Veen resides in Quincy, Massachusetts.

2. Delta Air Lines Inc. ("Delta") is a foreign corporation incorporated under the laws of Delaware with a usual place of business located at 84 State Street, Boston, MA 02109.

3. Delta employed the Plaintiff.

### JURISDICTION

4. This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150.

5. The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

6.      Venue is proper pursuant to M.G.L. c. 223 § 1 because Defendant has a usual place of business in Suffolk County.

## FACTS

7.      Delta is a domestic and international airline that operates throughout the United States, including at Logan Airport in Boston, Massachusetts.

8.      On or about March 26, 1990, Delta hired Plaintiff Laurens van Veen.

9.      On or about August 26, 2017, Delta promoted Mr. van Veen to Customer Service Supervisor.

10.      Mr. van Veen retired on February 1, 2024.

11.      As Customer Service Supervisor, Mr. van Veen's duties included supervising the ticket counter, handling customer issues, liaising between the TSA and Delta, and performing security sweeps.

12.      At all relevant times, Delta agreed to pay Mr. van Veen around $38.79 per hour for his work.

13.      Throughout his employment as Customer Service Supervisor, including during the last three years, Delta deducted a 30-minute meal break from Mr. van Veen's work time for each shift he worked, regardless of whether Mr. van Veen actually took that meal break.

14.      Despite deducting a 30-minute meal break from each shift he worked, Delta did not assign Mr. van Veen scheduled breaks during his shifts.

15.      Even though Delta considered the 30-minute periods as non-compensable "breaks," they were in fact compensable work time under applicable law.

16.      Delta required Mr. van Veen to keep his radio and/or phone turned on at all times during his shifts.

2

17.   Mr. van Veen was on duty during his purported breaks and required to monitor his radio and phone.

18.   Delta did not permit Mr. van Veen to leave the workplace during his shifts.

19.   Consequently, rather than being *bona fide* meal breaks, these breaks constituted compensable work time under Massachusetts law.

20.   However, Delta did not pay Mr. van Veen for these break periods.

21.   As a result of Delta's meal break policy, it deprived Mr. van Veen of a substantial amount of earned straight time wages.

22.   Mr. van Veen routinely worked more than 40 hours per week for Delta.

23.   In fact, inclusive of his unpaid "breaks," Mr. van Veen worked more than 48 hours per week for Delta in multiple workweeks, including during the three years prior to the filing of this Complaint.

24.   Mr. van Veen was a non-exempt employee, and therefore entitled to overtime compensation.

25.   However, as a result of deducting 30 minutes of work time from Mr. Van Veen's hours worked for purported breaks, Delta failed to pay Mr. van Veen one and one-half times his regular rate of pay for all hours worked in excess of 40 in a workweek.

26.   Delta knew or should have known that Plaintiff worked overtime hours.

27.   The overtime hours Plaintiff worked, which he spent performing his job duties, were scheduled by Delta and/or performed in plain sight on the company's property.

28.   As of the date of this filing, Delta owes Mr. van Veen a significant amount of earned overtime wages.

3

## CAUSES OF ACTION

29. For all counts that follow, the Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

## COUNT I

**NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150**

30. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

31. Section 148 provides in relevant part:

> Every person having employees in her service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned …
>
> M.G.L. c. 149, § 148.

32. By failing to pay the Plaintiff his earned wages, the Defendant violated the Weekly Payment of Wages Act, M.G.L. c. 149, § 148.

33. The Defendant's failure to comply with M.G.L. c. 149, § 148 entitles the Plaintiff to recover treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150.

## COUNT II

**NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §§ 1A, 1B**

34. Throughout the course of his employment, Plaintiff regularly worked in excess of forty hours per workweek.

35. The Defendant failed to pay Plaintiff overtime wages for all hours worked in excess of 40 in a workweek, as required by state law.

4

36.     Defendant's failure to comply with M.G.L. c. 151, § 1B entitles Plaintiff to recover three times his unpaid overtime wages, interest, reasonable attorney's fees, and costs of litigation.

WHEREFORE, the Plaintiff requests that the Court enter final judgment against the Defendant, awarding the Plaintiff:

1.  Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for the failure to pay earned wages;

2.  Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 1B for the failure to pay overtime wages; and

3.  Such other relief that the Court deems just.

## JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL CLAIMS SO TRIABLE.

Respectfully submitted,

LAURENS VAN VEEN,
by his attorneys,

*/s/ Raven Moeslinger*
_____
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
rm@mass-legal.com

Dated:  June 13, 2024

5